IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD BLOODWORTH,**

     Plaintiff,

  vs.                                     Civil Action 2:10-CV-1121
                                            Judge Marbley
                                            Magistrate Judge King

**WARDEN DEBORA A. TIMMERMAN-COOPER,**
*et al.*,

     Defendant.

## REPORT AND RECOMMENDATION

     Plaintiff, a state inmate currently incarcerated in the Toledo Correctional Institution ["ToCI"] and formerly incarcerated in the London Correctional Institution ["LoCI"], brings this action alleging that he has been retaliated against and denied equal protection. This matter is now before the Court on plaintiff's motions for interim injunctive relief, Doc. Nos. 2, 13.

     Plaintiff alleges that, while he was at LoCI, he was charged on a number of occasions with violating prison rules. Plaintiff claims that the charges were retaliatory in nature and based on his exercise of his constitutionally protected rights, in violation of the First Amendment. *Amended Complaint*. Plaintiff also claims that he was denied the equal protection of the law in that other inmates would not have been charged under similar circumstances, would not have been subjected to similar disciplinary procedures or would not have been subjected to similar punishment. *Id.*

     It is one incident that gives rise to both of plaintiff's motions for interim injunctive relief. In August 2010, plaintiff was directed

to a particular cell. Plaintiff expressed fear for his safety in that cell, *id.*, ¶43, 45, and refused to enter the cell. A corrections officer thereupon forcibly placed plaintiff in the cell. *Id.*, ¶47. Defendant Jewell, another corrections officer, charged plaintiff with physical resistance to a direct order in contravention of Rule 20 and disobedience of a direct order in contravention of Rule 21 in connection with that incident. *Id.,* ¶48. Plaintiff characterizes the charges as false and based on the "unprovoked, unjustified and unlawful attack against plaintiff and because plaintiff expressed his fears of being placed in a cell with two other inmates." *Id.*, ¶49. The rules infraction board, chaired by defendant Carson, found plaintiff guilty of the charges and recommended plaintiff's placement in local control. *Id.*, ¶¶ 49-50. In October 2010, defendant Mason and the local control committee recommended that plaintiff's security status be increased to level 3. *Id.*, ¶52. According to plaintiff, defendant Mason's recommendation in this regard was based, not on the severity of his offense as she stated, but on the fact that "plaintiff ha[d] filed grievances against defendant Mason on August 4, 2010 and September 2, 2010." *Id.*, ¶54. Plaintiff also alleges that another inmate, otherwise unidentified, had precipitated a scuffle with corrections officers after resisting an order but did not suffer an increase in his security status. *Id.*, ¶55.

In his first motion for interim injunctive relief, Doc. No. 2, plaintiff, who was at the time still incarcerated in LoCI (a level 2 institution), asks the Court to enjoin defendants from pursuing disciplinary action against plaintiff or transferring him to another institution as a result of an increase in his security status. *Id.* In his supplemental motion for interim injunctive relief, Doc. No. 13,

plaintiff alleges that, in February 2011, he was transferred to ToCI (a level 3 institution) as a result of the increase in his security status. He characterizes his transfer as violative of the First Amendment and asks that defendants be enjoined from confining him in a level 3 institution. *Id.*

Interim injunctive relief is an extraordinary remedy that should be granted only after the Court has carefully considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*), quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)).  When considering these factors, the district court should balance each factor against the others to arrive at its ultimate determination. *Id.*  These factors are not prerequisites to injunctive relief; rather, they are factors that the Court must balance.  *In re Delorean Motor Co.*, 755 F.2d at 1229; *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001) (no single factor is determinative.); *Monongahela Power Co. v. Schriber*, 322 F. Supp.2d 902, 918 (S.D. Ohio 2004)(same).  However, a preliminary injunction should not issue where there is simply no likelihood of success on the merits. *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997).

Plaintiff alleges that the increase in his security status, and his ensuing transfer to ToCI, were acts of retaliation for his exercise of

his First Amendment rights. In order to state a claim for First Amendment retaliation, an inmate plaintiff must show that he engaged in protected conduct, that he was subjected to an adverse action, and that there existed a causal connection between the protected conduct and the adverse action. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999). However, "if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." *Id.*, at 395.  Moreover, even where an inmate establishes that his protected conduct was a motivating factor in the adverse action, a defendant prison official "may thwart the retaliation claim by showing that [she] would have taken the same action even without the protected activity." *Thomas v. Eby*, 481 F.3d 434, 441, 442 (6th Cir. 2007)(citing *Mount Healthy City School District Board of Education v. Doyle,* 429 U.S. 274 91977)). "A finding of guilt on a misconduct charge based on some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Jackson v. Madery,* 158 Fed. Appx. 656, 662 (6th Cir. 2005)(citing *Henderson v. Baird,* 23 F.3d 464, 469 (8th Cir. 1994)).

The *Amended Complaint* and plaintiff's motions for interim injunctive relief appear to identify the activity upon which plaintiff's First Amendment claims are based as (1) plaintiff's expression of fear at being placed in a particular cell, *Amended Complaint*, ¶ 49, and (2) grievances filed by him against defendant Mason in August and September 2010, *id.*, ¶ 54; Doc. No. 2, p. 6; Doc. No. 13, p. 7.  However, it is specious to contend, as plaintiff seems to contend, that the disciplinary charges against him were based on his protected speech in articulating his fear. As plaintiff's own allegations make clear, he was subjected to force and charged with rules infractions, not because of his speech, but because

4

of his actions in refusing to obey the order to enter the cell. Plaintiff has not established protected First Amendment activity in this regard.

It is true that the filing of a grievance against a prison employee constitutes activity protected under the First Amendment. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)(an inmate has an "undisputed First Amendment right to file grievances against prison officials on his own behalf"). Evidence that an inmate has been subjected to an adverse action by a prison official in retaliation for the filing of a grievance can therefore state a claim under the First Amendment. However, there is ample evidence in the record that plaintiff was in fact guilty of the misconduct charges against him: plaintiff's own allegations in the verified *Amended Complaint* provide evidence that he physically resisted a direct order and disobeyed a direct order. Because plaintiff was in fact guilty of the disciplinary charges against him, the consequent increase in his security status and transfer to ToCI cannot form the basis of a successful claim of retaliation in contravention of his rights under the First Amendment. *See Jackson,* 158 Fed. Appx. at 662.

Because plaintiff has not established a likelihood of success on the merits of this claim, then, his requests for interim injunctive relief are without merit. See *Michigan State AFL-CIO v. Miller,* 103 F.3d at 1249.

It is therefore **RECOMMENDED** that plaintiff's motions for interim injunctive relief, Doc. Nos. 2, 13, be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve

on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                  s/Norah McCann King
                   Norah M<sup>c</sup>Cann King
                 United States Magistrate Judge

DATE: JULY 18, 2011