**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RONALD BLOODWORTH,**

    **Plaintiff,**

    vs.                                     **Civil Action 2:10-CV-1121**
                                           **Judge Marbley**
                                           **Magistrate Judge King**

**DEBORA A. TIMMERMAN-COOPER,**
**WARDEN,** *et al.*,

    **Defendants.**

<u>**ORDER AND**</u>
<u>**REPORT AND RECOMMENDATION**</u>

This matter is before the Court on defendants' motion to dismiss the *First Amended Complaint* or, in the alternative, to stay the case pending payment of the costs or full filing fees in connection with a previous case filed by plaintiff. *Motion of the State of Ohio and of Defendants Timmerman-Cooper, Carson, Boohier, Mason, Shandale, Willis, Jewell Sr. to Dismiss the Amended Complaint (Doc. 49), or Alternatively to Stay the Case Pending Payment of Full Filing Fees on Case No. 2:10-cv-926*, Doc. No. 58 ("*Motion to Dismiss*"). For the reasons that follow, it is **RECOMMENDED** that defendants' *Motion to Dismiss,* Doc. No. 58, be **GRANTED IN PART** and **DENIED IN PART**. In light of this recommendation, certain other motions, Doc. Nos. 33, 34, 35, are also addressed.

**I.  BACKGROUND**

On June 6, 2011, plaintiff, now an inmate at the Toledo Correctional Institution ["ToCI"], filed the *First Amended Complaint* in this matter. Doc. No. 49. All of the counts allege claims of either Fourteenth Amendment equal protection violations (Counts III, V, VII, VIII, X, and

XIV) or First Amendment retaliation (Counts I, II, IV, VI, IX, XII, XIII, XV, XVI, and XVII) by employees of the London Correctional Institution ["LoCI"]. *Id.* ¶¶ 57-93.[1] In support of these claims, plaintiff advances factual allegations related to six conduct reports that he received while an inmate at LoCI. *Id.* Plaintiff later voluntarily dismissed one of the equal protection claims (Count III) and two of the retaliation claims (Counts I and II). *Plaintiff's Notice of Voluntary Dismissal Without Prejudice*, Doc. 36; *Notice of Stipulation of Dismissal (Count II)*, Doc. No. 46; *Notice of Voluntary Dismissal with Prejudice*, Doc. No. 53; *Response of Defendants and the State of Ohio in Support of Plaintiff's Notice of Voluntary Dismissal with Prejudice (Counts I and III) (Doc. 53)*, Doc. No. 54. Defendants later filed the instant *Motion to Dismiss*. Doc. No. 58.

**II. DISCUSSION**

Defendants have the burden of demonstrating that dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). For the purpose of a motion to dismiss, we "treat as true all of the well-pleaded allegations of the complaint." *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). A plaintiff may not satisfy the pleading requirement by advancing "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). A court must dismiss a complaint that does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Defendants advance overlapping arguments in support of their motion

---

[1] The *First Amended Complaint* does not include a Count XI.

to dismiss the *First Amended Complaint* for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). This Court will address each argument in turn.

**A.     Motion to Dismiss Defendant Timmerman-Cooper**

Defendants argue that, because defendant Debora Timmerman-Cooper "is not the subject of any count" contained in the *First Amended Complaint*, she must be dismissed as a defendant. This Court agrees that the *First Amended Complaint* includes no allegation regarding defendant Timmerman-Cooper. Plaintiff has therefore failed to state a claim against this defendant, and her dismissal from this lawsuit is appropriate.

**B.     Motion to Dismiss Equal Protection Claims**

Defendants also argue that none of the remaining equal protection claims (Counts V, VII, VIII, X, and XIV) allege the elements necessary to such claims.

A Fourteenth Amendment equal protection claim must allege "discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton County, Ohio*, 430 F.3d 783, 788 (6th Cir. 2005). Here, plaintiff does not allege that defendants' actions have burdened a fundamental right or that he is the member of a suspect class. Instead, plaintiff's equal protection claims rest upon a "class of one" theory. To succeed under this theory, a plaintiff must show that he was treated differently than others similarly situated and either that "the challenged action was motivated by animus or ill-will" or that "the differential treatment [he was] subjected to is so unrelated to the achievement of any combination of legitimate purposes that the

3

court can only conclude that the [defendants'] actions were irrational." *Id.*

Nowhere does the *First Amended Complaint* identify an individual who is similarly situated to plaintiff. Instead, plaintiff advances a series of conclusory allegations about his similarity to broad, ill-defined groups: (1) In connection with Counts V, VIII, and X, which are related to the second, third and fourth conduct reports issued to plaintiff, plaintiff alleges that a defendant "refused to review exculpatory evidence (video surveillance) in connection with disciplinary proceedings unlike *other inmates who request review of video surveillance evidence . . . in support of their accusations of wrongdoing committed against them by other inmate(s)*." *Id.* ¶ 66 (emphasis added); *see also id.* ¶¶ 72 (advancing a similar claim regarding the third conduct report), 76 (advancing a similar claim regarding the fourth conduct report). (2) In connection with Count VII, which is related to the third conduct report issued to plaintiff, plaintiff alleges that a defendant "confiscated plaintiff[']s legal material . . . but never confiscated any other inmates['] personal effects" even though plaintiff's legal materials were "situated in his cubicle in a manner identical to that of *other A-1 inmates*." *Id.* ¶ 70 (emphasis added). (3) In connection with Count XIV, which is related to the fifth conduct report issued to plaintiff, plaintiff alleges that he was "attack[ed]" and that "*no other inmate* has been attacked upon orders of defendant under similar circumstances." *Id.* ¶ 84 (emphasis added).

Plaintiff's broad, nonspecific statements regarding large groups of inmates are insufficient to satisfy the pleading requirement. *See Bertovich v. Village of Valley View, Ohio*, 431 F. App'x 455, 458 (6th

Cir. 2011) (holding that dismissal of an equal protection claim was appropriate under Fed. R. Civ. P. 12(b)(6) where plaintiff's complaint "does not point to any individual who was treated differently"); *see also Tyson v. Nixon*, No. 4:10-CV-1051, 2010 WL 3488614, *2 (E.D. Mo. Aug. 31, 2010) (holding that equal protection allegations were conclusory where "plaintiff does not cite to any particular female prisoner who was subjected to different treatment than plaintiff or any other male sex offender"); *Adams v. Thompson*, No. 3:07-3884, 2008 WL 8099780, *4 (D.S.C. Dec. 19, 2008) (noting that a plaintiff could not allege an equal protection violation simply by "claim[ing] that other inmates who committed greater disciplinary offenses improved their custody status sooner than he did" where plaintiff "has not provided the names of inmates that he believes were treated more favorably or provided sufficient information to show that they were similarly-situated to him"). Dismissal of plaintiff's equal protection claims is therefore appropriate.

**C. Motion to Dismiss Retaliation Claims**

Defendants also argue that the eight remaining retaliation claims fail because (1) in seven of the claims (Counts IV, VI, IX, XII, XIII, XV, and XVI), plaintiff's behavior violated prison regulations and therefore was not "protected conduct"; (2) in six of the claims (Counts VI, XII, XIII, XV, XVI, XVII), plaintiff's conclusory allegations are fatally deficient.

The elements of a First Amendment retaliation claim are "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal

5

connection between elements one and two--that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). It is not enough to state, without supporting factual allegations, that prison officials engaged in retaliation. *Pack v. Martin*, 174 Fed. App'x 256, 259 (6th Cir. 2006). Moreover, a prisoner's conduct is not protected if he "violates a legitimate prison regulation." *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (quoting *Thaddeus-X*, 175 F.3d at 394).

Defendants' argument regarding the violation of prison regulations fails. First, plaintiff does not admit in the *First Amended Complaint* that he violated prison regulations. In fact, he specifically denies in all the relevant counts that he violated prison regulations. *First Amended Complaint*, Doc. No. 49, ¶¶ 64 (Count IV), 21 (Count VI), 74 (Count IX), 78 (Count XII), 88 (Count XVI), 48 (Counts XIII and XV). In light of this Court's obligation to "treat as true all of the well-pleaded allegations of the complaint," *Bower*, 96 F.3d at 203, this Court cannot dismiss these counts for failure to state a claim. Second, defendants themselves make no effort to demonstrate that the behavior alleged in the *First Amended Complaint* amounts to a violation of prison regulations. Instead of identifying specific regulations purportedly violated by plaintiff, defendants assert generally that "all of [defendant's conduct] violates prison rules" and cites to a provision in the Ohio Administrative Code that lists more than sixty possible disciplinary violations. *Motion to Dismiss*, Doc. No. 58, p.8 (citing Ohio Admin. Code § 5120-9-06(C)). Defendants therefore have not satisfied their burden of demonstrating that dismissal on this basis is appropriate.

6

Defendants' argument regarding the "conclusory" nature of six of the retaliation claims also fails in connection with all but one claim. Focusing on the causation element of a retaliation claim, defendants argue that plaintiff must "allege plausibly . . . that 'the adverse action was motivated at least in part by the plaintiff's protected conduct.'" *Motion to Dismiss*, Doc. No. 58, p.10. In particular, defendants argue that plaintiff must "allege why he suspects" that defendants engaged in retaliation. *Id.*, p.9. However, by even defendants' own standard, plaintiffs' allegations in Counts VI, XII, XIII, XV, and XVI are not conclusory.

In Count VI, plaintiff alleges that a defendant confiscated certain materials and "issued him a Conduct Report that was false" in retaliation for plaintiff's litigation activities. *First Amended Complaint*, Doc. No. 49, ¶ 68. In support, plaintiff alleges that "only plaintiff's legal work and typewriter" were confiscated. *Id.; see also id.* ¶ 22 (alleging that defendant did not confiscate other personal items despite the fact that they were "on the floor directly next to plaintiff's legal work and typewriter"). In Counts XII, XIII, XV, and XVI, plaintiff alleges that defendants engaged in retaliatory conduct soon after plaintiff's allegedly protected activity. *Id.* ¶¶ 56(a)-(d) (Count XII), 43 (Count XIII), 86 (Count XV), 88 (Count XVI). In fact, plaintiff alleges that, in some instances, it was his protected activity that served as the basis for discipline by defendants. *Id.* Plaintiffs' allegations in Counts VI, XII, XIII, XV, and XVI are therefore not conclusory.

In Count XVII, however, plaintiff's allegations do not satisfy the pleading requirements. Plaintiff alleges that a defendant recommended an increase in plaintiff's security status "as punishment in retaliation

7

for plaintiff filing grievances against defendant." *Id.* ¶ 90. This is not enough to satisfy the pleading standard. *See Figel v. Overton*, 121 F. App'x 642, 648 (6th Cir. 2005) ("In his complaint, [plaintiff] asserts that Defendants' confiscation of his religious texts was retaliation for his filing of complaints, grievances, and litigation against them. However, he alleges no facts in support of his claim of a retaliatory motive."); *Shavers v. McKee*, No. 2:07-cv-105, 2010 WL 3734011, *1 (W.D. Mich. Aug. 27, 2010). Dismissal is therefore appropriate as to Count XVII.

**D. Motion to Dismiss Requests for Injunctive Relief**

Defendants also argue that, because plaintiff was transferred from LoCI to ToCI, his claims for injunctive relief as against LoCI employees are moot.

The *First Amended Complaint* requests the following types of injunctive relief: (1) a preliminary injunction "to prevent plaintiff's continued confinement at a level three prison . . . [and] immediately return plaintiff to his security level two status. . . ;" (2) an injunction "ordering expungement of all Conduct Reports giving rise to this civil action from plaintiff's institution disciplinary record;" and (3) an injunction "ordering preservation of all video evidence associated with the claims giving rise to this civil action, for in camera review." *First Amended Complaint*, Doc. No. 49, at pp. 40-41.

Defendants are correct that this Court may not order defendants, who no longer have control over plaintiff, to return plaintiff to LoCI. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Wilson v. Wilkinson*, No. 98-3713, 1999 WL 777634, *1 (6th Cir. Sept. 17, 1999) (holding that the district court properly dismissed plaintiff's equal

8

protection claim, which concerned the increase in plaintiff's security classification and his transfer to a maximum security prison) ("To the extent that [plaintiff] requested injunctive relief from the Lebanon Correctional Institution defendants, that request is moot because of his transfer [from Lebanon Correctional Institution]."). But defendants fail to explain why plaintiff's second and third requests for injunctive relief--demanding expungement of his records and the preservation of certain materials--are moot. Dismissal is therefore appropriate as to plaintiff's request for a preliminary injunction "to prevent plaintiff's continued confinement at a level three prison . . . [and] immediately return plaintiff to his security level three status at london correctional [sic]," but defendants have not satisfied their burden of demonstrating that dismissal is appropriate under Rule 12(b)(6) for the other two requests for injunctive relief.

**E. Defendants' "Independently Actionable" Argument**

Defendants argue, with little elaboration, that "[m]uch of the conduct alleged in Bloodworth's amended complaint is not independently actionable." *Motion to Dismiss*, Doc. No. 58, p.10. In particular, defendants argue that "mere verbal harassment and threats are not unconstitutional" and that "[n]either . . . [is] filing false conduct reports." *Id.* But plaintiff does not allege that defendants' verbal harassment and filing of false conduct reports are by themselves unconstitutional. *Compare First Amended Complaint*, Doc. No. 49, pp. 26-39, *with Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (cited in *Motion to Dismiss*, Doc. No. 58, p.10). Instead, plaintiff challenges defendants' behavior in the context of is First Amendment retaliation claims. *See Payne v. Axelrod*, 871 F.Supp. 1551, 1556 (N.D.N.Y. 1995)

9

(distinguishing *Freeman*). Defendants' argument in this regard therefore fails.

**F.   Defendants' Qualified Immunity Argument**

Because defendants' qualified immunity argument depends entirely on their other arguments, *see Motion to Dismiss*, Doc. No. 58, p.12, it is unnecessary to separately address that argument here.

**G.   Defendants' Alternative Request Under Fed. R. Civ. P. 41(d)**

Because defendants do not demonstrate that they incurred costs in connection with a previous action, it is unnecessary for the Court to exercise its discretionary authority and order payment of costs under Fed. R. Civ. P. 41(d

For the foregoing reasons, it is **RECOMMENDED** that defendants' motion to dismiss, Doc. No. 58, be granted in part and denied in part.  It is specifically **RECOMMENDED** that plaintiff's claims against defendant Debora Timmerman-Cooper, plaintiff's remaining equal protection claims (Counts V, VII, VIII, X, and XIV), the retaliation claim in Count XVI, and plaintiff's request for injunctive relief demanding his return to the London Correctional Institution be **DISMISSED** but that all other claims remain for resolution.

In light of plaintiff's dismissal of Count I and the recommended dismissal of Count V, plaintiff's motion for an extension of time to serve the unidentified defendant referred to in those counts, Doc. No. 33, is **DENIED**.  Plaintiff's motion to stay the action pending resolution of the motion to dismiss and service on the unidentified defendants, Doc. No. 34, is for the same reason **DENIED**. Plaintiff's motion for leave to

conduct limited discovery, Doc. No. 35, is **GRANTED**.

It is hereby **ORDERED** that all discovery be completed no later than June 30, 2012. Depositions of incarcerated persons may proceed on such terms and conditions as the institution shall impose. Dispositive motions may be filed, if at all, no later than July 31, 2012.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

> *s/Norah McCann King*
> Norah M<sup>c</sup>Cann King
> United States Magistrate Judge

January 18, 2012