```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**RONALD BLOODWORTH,**

        Plaintiff,

  vs.                                Civil Action 2:10-CV-1121
                                        Judge Marbley
**WARDEN DEBORA A. TIMMERMAN-COOPER,**      Magistrate Judge King
*et al.*,

        Defendant.

## OPINION AND ORDER

Plaintiff, now an inmate at the Toledo Correctional Institution ["ToCI"], filed this case on January 3, 2011. *Complaint*, Doc. No. 5. On January 19, 2012, the court ordered that all discovery be completed no later than June 30, 2012. *Order and Report and Recommendation*, Doc. No. 72, p. 11. On July 31, 2012, upon defendants' unopposed motion, the Court extended the discovery deadline to October 31, 2012, and the deadline to file motions for summary judgment to November 30, 2012. *Order*, Doc. No. 102.

Defendants filed a motion for summary judgment on November 27, 2012, Doc. No. 112. Plaintiff sought and was granted three (3) extensions of time in which to respond to the motion. *Motions*, Doc. Nos. 116, 119, 121; *Orders*, Doc. Nos. 117, 120, 122. In its most recent extension of time – to February 25, 2013 - the Court expressly warned plaintiff that there would be no further extension of the time to respond to defendants' motion for summary judgment. *Order*, Doc. No. 122. Nevertheless, plaintiff has not filed a response to

defendants' motion for summary judgment.  This matter is now before the Court on *Plaintiff's Affidavit Pursuant to F.R.C.P. 56(f)* ("*Plaintiff's Motion*"), Doc. No. 124, which the Court construes as a motion under Rule 56(d) to permit additional discovery.

Rule 56(d) of the Federal Rules of Civil Procedure, formerly Rule 56(f), establishes the proper procedure to be followed when a party concludes that additional discovery is necessary to respond to a motion for summary judgment:

> When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)   defer considering the motion or deny it;
> (2)   allow time to obtain affidavits or declarations or to take discovery; or
> (3)   issue any other appropriate order.

Fed. R. Civ. P. 56(d).  The affidavit or declaration required by the rule must "indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode,* 866 F.2d 1391, 1393-94 (3d Cir. 1989)).  A motion under Rule 56(d) may be properly denied where the requesting party "'makes only general and conclusory statements [in the supporting affidavit or declaration] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered,'" *Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir.

1999)), or where the affidavit or declaration "lacks 'any details' or 'specificity.'" *Id.* (quoting *Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989)). The importance of complying with Rule 56(d) cannot be over-emphasized. *See Cacevic*, 226 F.3d at 488. Finally, whether or not to grant a request for additional discovery falls within the trial court's discretion. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).

In the case presently before the Court, plaintiff argues that he propounded numerous discovery requests to which defendants have not properly responded and that he needs additional discovery in order to respond to defendants' motion for summary judgment. Plaintiff further argues that ToCI officials waged a "mail tampering campaign" against him and caused him to "cease [] attempts to mail anything . . . unless absolutely necessary." *Plaintiff's Motion*, ¶ 110. As a result, plaintiff "did not engage in additional discovery after September[] 2012, to obtain the additional evidence identified" in his current motion. *Id. Plaintiff's Motion* is without merit.

Plaintiff has had more than nine (9) months to conduct discovery in this case. See *Order and Report and Recommendation*, Doc. No. 72, p. 11; *Order*, Doc. No. 102. He apparently chose to "not engage in additional discovery" during the final month of the discovery period, *see Plaintiff's Motion*, ¶¶ 30, 110. Moreover, the Court is not convinced that plaintiff actually requires additional discovery in order to respond to defendants' motion for summary judgment; his three (3) requests for an extension of time made no mention of the need for discovery. *Cf. Motion*, Doc. No. 116 (referring to limited

3

access to legal materials); *Motion*, Doc. No. 119 (referring to the demands of other litigation); *Motion*, Doc. No. 121 (referring to the demands of other litigation and limited access to legal materials). Plaintiff has simply not shown that he was diligent in pursuing the information that he now seeks.

*Plaintiff's Motion*, Doc. No. 124, is therefore **DENIED**. Nevertheless, plaintiff may have until March 27, 2013 to respond to defendants' motion for summary judgment, Doc. No. 112.

**There will be no further extension of this date**.  If plaintiff fails to file a response to defendants' motion for summary by March 27, 2013, the affidavits or other papers submitted in support of defendants' motion for summary judgment will be accepted as true by the Court.  *See* Fed. R. Civ. P. 56(c).

March 12, 2013                                  s/Norah McCann King
                                              Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge

4