IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


RONALD BLOODWORTH,

                Plaintiff,

      vs.                             Civil Action 2:10-CV-1121
                                     Judge Marbley
                                     Magistrate Judge King

WARDEN DEBORA A. TIMMERMAN-COOPER,
*et al.*,

                Defendant.


ORDER AND
REPORT AND RECOMMENDATION

     This matter is before the Court on plaintiff's motion for interim injunctive relief ("*Plaintiff's Motion*"), Doc. No. 134.  Defendants oppose *Plaintiff's Motion*, Doc. No. 139, and plaintiff has filed a reply, *Plaintiff's Reply*, Doc. No. 151.

     Plaintiff's related motion for an extension of time to file a reply in support of *Plaintiff's Motion*, Doc. No. 148, is **GRANTED** effective June 6, 2013, *i.e.*, the date that plaintiff's *Reply*, Doc. No. 151, was actually filed.

     This matter is now ripe for consideration.

**I.   Standard**

     Interim injunctive relief is an extraordinary remedy that should be granted only after the Court has carefully considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to

others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (quoting *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997)). "These factors are to be balanced against one another and should not be considered prerequisites to the grant of a preliminary injunction." *Id.* (citing *United Food & Commercial Workers Union, Local 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998)). *See also Mich. State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997) ("Not all of these factors fully need be established for an injunction to be proper."). However, a preliminary injunction should not issue where there is simply no likelihood of success on the merits. *Id*.

## II.  Discussion

Plaintiff Ronald Bloodworth, a state inmate currently incarcerated in the Toledo Correctional Institution ("ToCI") and formerly incarcerated in the London Correctional Institution ("LoCI"), seeks an order requiring defendants to transfer plaintiff back to LoCI. *Plaintiff's Motion*, p. 10. *Plaintiff's Motion* is premised on allegations related to "first amendment retaliation by Unit Manager, Kelley E. Mason[] for her decision in effecting plaintiff's transfer from a security level two institution to a security level three prison as punishment for plaintiff's grievance activity against her." *Id*. at p. 2. Specifically, plaintiff argues that, in August 2010, he was forcibly placed in his cell after refusing to enter the cell out of fear for his safety. *Id*. at pp. 2-4. Plaintiff was thereafter

charged with physical resistance to a direct order in contravention of Rule 20 and disobedience of a direct order in contravention of Rule 21 in connection with that incident. *Id*. Plaintiff characterizes the charges as false and based on the "unprovoked, unjustified and unlawful attack against plaintiff and because plaintiff expressed his fears of being placed in a cell with two other inmates." *Id*. The rules infraction board, chaired by defendant Carson, found plaintiff guilty of the charges and recommended plaintiff's placement in local control. *Id*. In October 2010, defendant Mason and the local control committee recommended that plaintiff's security status be increased to level 3. *Id*. According to plaintiff, defendant Mason's recommendation in this regard was based on plaintiff "fil[ing] grievances against defendant Mason on August 4, 2010 and September 2, 2010." *Id.*

On March 14, 2011, plaintiff filed a motion for a temporary restraining order that was premised on the same allegations and sought the same relief as his current motion. *See* Doc. No. 13. That motion was denied on August 17, 2011 on the basis that plaintiff had not established a likelihood of success on the merits of his First Amendment retaliation claim. *See Order*, Doc. No. 61 (adopting and affirming *Report and Recommendation*, Doc. No. 59, without objections). Specifically, the Court found that, "[b]ecause plaintiff was in fact guilty of the disciplinary charges against him, the consequent increase in his security status and transfer to ToCI cannot form the basis of a successful claim of retaliation in contravention of his

rights under the First Amendment." *Report and Recommendation*, Doc. No. 59, p. 5.

*Plaintiff's Motion* is merely an attempt to reargue his March 2011 motion for a temporary restraining order. *Plaintiff's Motion* has not, however, presented any new arguments to persuade the Court to revisit its order denying the previous motion or which would warrant granting plaintiff's renewed request for interim injunctive relief. The Court further notes that plaintiff's First Amendment retaliation claims against defendant Mason have been dismissed, *see Order*, Doc. No. 75; *Order*, Doc. No. 105, p. 2, and, because plaintiff is currently incarcerated at ToCI, a transfer to LoCI would not preserve the status quo. *See United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004) ("The purpose of a preliminary injunction is simply to preserve the status quo.").

Accordingly, for the foregoing reasons and for the reasons articulated in *Order*, Doc. No. 61, and *Report and Recommendation*, Doc. No. 59, it is **RECOMMENDED** that *Plaintiff's Motion*, Doc. No. 134, be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


June 11, 2013                             ____*s/Norah McCann King*_____
                                          Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge