```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**RONALD BLOODWORTH,**

        Plaintiff,

    vs.                                  Civil Action 2:10-CV-1121
                                            Judge Marbley
                                            Magistrate Judge King

**WARDEN DEBORA A. TIMMERMAN-COOPER,**
*et al.*,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on *Plaintiff's Motion Requesting Leave to File Second Amended Complaint* ("*Plaintiff's Motion*"), Doc. No. 135. Defendants oppose *Plaintiff's Motion* on the basis that the proposed amendment would be futile. *Defendants' Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint*, Doc. No. 140. Plaintiff has filed a reply. *Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint*, Doc. No. 149. For the reasons that follow, *Plaintiff's Motion* is **DENIED**.

I.    BACKGROUND

Plaintiff is a state inmate currently incarcerated in the Toledo Correctional Institution ("ToCI") and formerly incarcerated in the London Correctional Institution ("LoCI"). *First Amended Complaint*, Doc. No. 49. Defendants' motion to dismiss the *First Amended Complaint*, Doc. No. 58, was granted in part on February 13, 2012. *Order*, Doc. No. 75. In that *Order*, the Court dismissed, *inter alia*,

plaintiff's First Amendment retaliation claim against defendant Mason ("Count XVII"). *Id*. Count XVII had alleged that defendant Mason recommended an increase in plaintiff's security status "as punishment in retaliation for plaintiff filing grievances against defendant." *First Amended Complaint*, ¶ 90. The Court dismissed Count XVII because the allegations were insufficient to state a valid claim for relief. *Report and Recommendation*, Doc. No. 72, pp. 7-8; *Order*, Doc. No. 75. Plaintiff filed a motion to reconsider that *Order*, Doc. No. 94, which was denied on September 11, 2012. *Order*, Doc. No. 105.

On March 16, 2012, plaintiff filed a motion for leave to further amend the complaint to reassert, *inter alia*, Count XVII of the *First Amended Complaint*. *Plaintiff's Motion Requesting Leave to File Second Amended Complaint*, Doc. No. 86. The Court denied that motion as futile, reasoning that plaintiff had "merely re-allege[d] that defendant Mason recommended an increase in plaintiff's security status 'as punishment in retaliation for plaintiff filing grievances against defendant.'" *Opinion and Order*, Doc. No. 107, p. 5.

Defendants filed a motion for summary judgment, Doc. No. 112, on November 27, 2012. Plaintiff filed a response to that motion on April 4, 2013, Doc. No. 130. *Plaintiff's Motion* was filed on April 11, 2013. The motion seeks leave to file the *Proposed Second Amended Complaint*, Doc. No. 135-1, to reassert Count XVII. *Plaintiff's Motion*, p. 1.

**II. STANDARD**

*Plaintiffs' Motion to Amend* is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that a "court should

2

freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen. Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co., 896 F. Supp. 734, 738 (S.D. Ohio 1994).* The United States Supreme Court has explained that "once a claim has been stated adequately, it may be

3

supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. Accordingly, a complaint must be dismissed – and amending a complaint is futile – if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**III. DISCUSSION**

The *Proposed Second Amended Complaint* seeks to reassert Count XVII of the *First Amendment Complaint*, a First Amendment retaliation claim against defendant Mason. *Plaintiff's Motion*, p. 2. A First Amendment retaliation claim entails three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (citing *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998)). It is not enough to state, without supporting factual allegations, that prison officials engaged in retaliation. *Pack v. Martin*, 174 F. App'x 256, 259 (6th Cir. 2006). Moreover, a prisoner's conduct is not protected if he "violates a legitimate prison regulation." *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (quoting *Thaddeus-X*, 175 F.3d at 394).

The *Proposed Second Amended Complaint* contains the following allegations, which are incidentally nearly identical to those in the original *Complaint* and in the *First Amended Complaint*: In August 2010, plaintiff was directed to enter a segregation cell occupied by two other inmates but he expressed fear for his safety. *Proposed Second Amended Complaint*, ¶ 1. Plaintiff, "extremely terrified, . . . instinctively froze up." *Id.*, ¶ 3. He was thereafter pushed into the cell by Corrections Officer Goins, who was assisted by, *inter alios*, Corrections Officer Jewell. *Id.*, ¶¶ 4-5. Jewell thereafter issued a conduct report charging plaintiff with physical resistance to a direct order in contravention of Rule 20 of the inmate rules of conduct and disobedience of a direct order in contravention of Rule 21. *Id.* at ¶ 8. Plaintiff characterizes the charges as false and based on the "unprovoked, unjustified and unlawful attack against plaintiff and because plaintiff expressed his fears of being placed in a cell with two other inmates." *Id.* at ¶ 9. The rules infraction board, chaired by defendant Carson, found plaintiff guilty of the charges and recommended plaintiff's placement in local control. *Id.* at ¶¶ 10-11. In October 2010, defendant Mason and the local control committee recommended that plaintiff's security status be increased to level 3. *Id.* at ¶ 13. Plaintiff alleges that defendant Mason's recommendation in this regard was based on plaintiff "fil[ing] grievances against defendant Mason on August 4, 2010 and September 2, 2010." *Id.* at ¶ 15.

The *Proposed Second Amended Complaint* also contains three new allegations related to plaintiff's First Amendment retaliation claim

5

against defendant Mason.  *See Plaintiff's Motion*, pp. 4-5, 7 (identifying new allegations in the *Proposed Second Amended Complaint*).  First, the *Proposed Second Amended Complaint* alleges that the conduct report does not support a rule 20 offense because there are no allegations of "overt acts demonstrative of physically refusing to obey direct orders to comply with prison rules."  *Id*. at ¶ 14.  Second, it alleges that "defendant Mason acted with full knowledge during the October 13, 2010 hearing that both the LoCI's Warden and the Director routinely assent and approve its administrations disciplinary transfer requests ultimately carried out by the Classification Bureau."  *Id*. at ¶ 15.  Finally, the *Proposed Second Amended Complaint* alleges that defendant Mason "was fully aware that the conduct report does not allege facts which charge a rule 20 offense."  *Id*. at ¶ 26.  Plaintiff argues that the new allegations cure "his fatally defective complaint" by showing that defendant Mason's decision to recommend increasing plaintiff's security status "was motivated, at least in part, by [] plaintiff's protected conduct," *i.e.*, the filing of grievances against defendant Mason. *Plaintiff's Motion*, p. 6.  Specifically, plaintiff argues that defendant Mason's "prior knowledge of deference" and "prior know ledge [sic] that the conduct report does not allege facts which charge a rule 20 offense" "demonstrate[] a caussal [sic] connection between plaintiff's filing of grievances against defendant Mason and the decision to transfer the plaintiff [to a higher security prison]."  *Id*.

6

Plaintiff's arguments to the contrary notwithstanding, the *Proposed Second Amended Complaint* does not cure the deficiencies of the *First Amended Complaint*. Rather, the *Proposed Second Amended Complaint* merely re-alleges the facts that this Court has, on multiple prior occasions, determined to be insufficient. This Court specifically rejects plaintiff's contention that the conduct reports issued against him by defendant Jewell did not allege facts supporting the charged offenses under Rules 20 and 21. Plaintiff argues that the allegations contained in the conduct report "do not support a charge of a rule 20 offense [because] noticeably absent therefrom are any overt acts demonstrative of physically refusing to obey direct orders to comply with prison rules." *Id.*, ¶ 14. To the contrary, even plaintiff acknowledges in the *Proposed Second Amended Complaint* that, after having been directed to enter the segregation cell, he "froze up" and had to be physically pushed into the cell in order to effect the directive. *Id.*, ¶ 3.[1] As noted *supra*, plaintiff was charged with and convicted of physical resistance to a direct order in contravention of Rule 20 and of disobedience of a direct order in contravention of Rule 21. "A finding of guilt on a misconduct charge based on some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Jackson v Madery,* 158 Fed. Appx. 656, 662 (6th Cir. 2005)(citing *Henderson v. Baird,* 23 F.3d 464, 469 (8th Cir. 1994)).

Moreover, even crediting plaintiff's allegation that defendant

---

[1] The original *Complaint* and the *First Amended Complaint* also alleged that plaintiff "froze up" and was thereafter "pushed and pulled extremely hard . . . until plaintiff was inside the cell." *Complaint*, Doc. No. 5, ¶¶ 46-47; *First Amended Complaint*, Doc. No. 49, ¶¶ 46-47.

Mason knew of and relied on the routine approval of disciplinary transfer recommendations, the *Proposed Second Amended Complaint* is insufficient. That allegation simply does not provide factual support for his otherwise conclusory allegation of retaliatory motive on the part of defendant Mason.

Under these circumstances, to permit the filing of the *Proposed Second Amendment Complaint* in order to reassert plaintiff's First Amendment retaliation claim against defendant Mason would be futile.

*Plaintiff's Motion Requesting Leave to File Second Amended Complaint*, Doc. No. 135, is **DENIED**.


                                            *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
June 17, 2013                               United States Magistrate Judge